ELLA R. MALLORY, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

RICHARD A. MALLORY, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, November 9, 1928.

`George H. Kennedy`, for the appellant.

*Raymond C. Vaughan* [*John J. K. Caskie* and *Noel S. Symons* of counsel], for the respondent.

CROUCH, J.   Plaintiff Ella R. Mallory claims to have been thrown and injured while alighting from one of defendant's cars by its sudden starting.   Defendant claims that the alleged accident never happened.   The case went to the jury and defendant had a verdict.

At the close of plaintiff's case it appeared from the testimony of plaintiff, corroborated by the testimony of another eyewitness, that as plaintiff was stepping from the car it started with a jerk and threw her to the pavement; that the motorman and conductor helped her up and that one of them took her name and address; that within a few days the accident was reported to a Mr. Curran, said to be connected with defendant's claim department; that within two weeks a Mr. Dixon, also said to be connected with defendant's claim department, called upon her and later again called.   The action was commenced within a month after the accident.   It further appeared from plaintiff's testimony and the testimony of the doctor that on the day following the accident the doctor was called to her house.   The doctor testified to a condition of shock nervousness and bodily aches and pains such as might have resulted from a fall.   The medical testimony also told of serious subsequent illness.   There was nothing in the testimony of these witnesses to warrant incredulity or suspicion.   The criticisms relate to alleged inconsistent details only; the substance stands unaffected.

The defendant thereupon swore an expert, who said that a car of the type from which plaintiff claimed to have been alighting, could not move while its doors were open. That must be taken, as the witness in effect admitted, as applying to a car in good mechanical condition. It must also be taken subject to other qualifications which appear in the evidence. Aside from the medical witnesses, the only other evidence offered by defendant was given by an investigator in defendant's claim department, who said he had charge of entering up reports of accidents; that the defendant received no formal report of an accident to plaintiff on July 31, 1925, at the place where this accident was said to have occurred; that he assumed he knew of the claim from the summons and complaint and probably made an investigation then; that the defendant's files disclosed an investigation made in October, 1925, to ascertain the various car crews that handled cars over the line and past the scene of the accident in question on the day of the accident.

An inference that there was no accident because there was no formal report of it, if permissible at all, would have slight weight, particularly in the absence of evidence showing defendant's rules and practice in regard to reports. So also of an inference from the expert testimony relating to the mechanics of a type car, in the absence of testimony tending to show that all cars operated over the line on the day of the accident were probably, at least, in good mechanical condition. But if we assume the possibility of such an inference, we are of the opinion that the verdict was clearly against the weight of the evidence, and that the judgment must be reversed.

In view of that holding it is unnecessary to pass on appellant's contention that there was error in the refusal of the court below to charge as requested that the failure of defendant to produce as witnesses the motormen and conductors who operated cars over the line during or about the time the accident happened, or to account for their absence, might be taken into consideration by the jury and such inference drawn as the jury should deem warranted. Under the circumstances of this case, however, and in view of the serious charge against plaintiff implied in the nature of the defense, it would have created no hardship to have required defendant to disclose material facts, knowledge of which was in its possession alone.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

In each case: Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide the event.